IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KIM DAHL,<br><br>        Plaintiff,<br><br>vs.<br><br>CHARLES F. DAHL, M.D., P.C. DEFINED BENEFIT PENSION TRUST, CHARLES F. DAHL individually, ROSEMOND V. BLAKELOCK, KELLY PETERSON, and DOES 1-5,<br><br>        Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:11-cv-949-TC |

      Plaintiff Kim Dahl has filed suit against Defendant Kelly Peterson for claims arising out of his conduct as guardian ad litem during the divorce proceedings between Ms. Dahl and her former husband, Defendant Charles F. Dahl, M.D.  Specifically, Ms. Dahl alleges that Mr. Peterson violated 18 U.S.C. § 2511(c) (the Wiretap Act) when he disclosed in open court the contents of a phone conversation between Ms. Dahl and one of her minor children that Dr. Dahl had recorded in violation of a judge's orders.  She also claims that Mr. Peterson discussed the contents of that phone conversation with one of her minor children.  Finally, Ms. Dahl maintains that Mr. Peterson's actions violated Utah state law.  Mr. Peterson has filed a Motion to Dismiss the claims against him (Dkt. No. 7), arguing that he is protected by several immunity doctrines and that Ms. Dahl's state law claim has been procedurally defaulted.

      For the reasons stated at the hearing on February 16, 2012, Mr. Peterson's Motion to

Dismiss is DENIED WITHOUT PREJUDICE as to the Wiretap Act claim. As discussed at the close of the hearing, the court allows limited discovery so that Mr. Peterson's deposition may be taken. This deposition should focus solely on the circumstances surrounding Mr. Peterson's use of the recorded conversation and his purpose in doing so. Mr. Peterson may then re-file his motion as a Motion for Summary Judgment.

The court has carefully reviewed Mr. Peterson's Motion to Reconsider (Dkt. No. 28). Mr. Peterson argues that the court should decide the issue of qualified immunity before allowing discovery, as qualified immunity "shields a defendant from the burdens of discovery and trial as well as liability." Mitchell v. Maynard, 80 F.3d 1433, 1447 (10th Cir. 1997). But in order to rule on the qualified immunity issue, the court must determine that the right that Mr. Peterson allegedly violated was not "clearly established." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). And "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [person] that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001). The court finds that it cannot make this determination on the basis of the facts before it. Mr. Peterson claims that the vicarious consent exception to the Wiretap Act absolves him of liability, but given the fact that Mr. Dahl recorded the phone conversation just days after a judge ordered that calls were to be unsupervised, the court cannot be certain that a reasonable person would have believed that the vicarious consent exception applied to this situation. Without the additional facts provided by the limited discovery that the court has ordered, the court cannot make a ruling on the qualified immunity issue. As a result, Mr. Peterson's Motion to Reconsider is DENIED.

Mr. Peterson's Motion to Dismiss is GRANTED as to the state law claim. The court has

carefully reviewed the parties' memoranda and holds that Ms. Dahl was required to comply with the notice of claim provision of the Governmental Immunity Act of Utah (GIAU).

The GIAU requires that "any person having a claim against a governmental entity or its employee . . . shall filed a written notice of claim with the entity before maintaining action." Utah Code Ann. § 63G-7-401(2).  The Tenth Circuit has held that failure to file a notice of claim bars a plaintiff from pursuing state law causes of action in federal court.  See, e.g., Jensen v. Reeves, 3 Fed. Appx. 905 (10th Cir. 2001).  Ms. Dahl argues that the notice of claim provision does not apply because Mr. Peterson was acting outside of the scope of his employment.  But the language of the statute is broader than Ms. Dahl suggests.  The statute requires a notice of claim for any act or omission occurring "during the performance of the employee's duties, within the scope of employment, or under color of authority[.]"  Utah Code Ann. § 63G-7-401(2) (emphasis added).  When interpreting the same language in another statutory provision, the Supreme Court of Utah held that because of the broad formulation, it was necessary to make a "general inquiry into the causal relationship between the employee's conduct and the underlying criminal charges, not a specific consideration whether the precise conduct in question advances the employer's interests or is the kind of activity the employee was asked to perform."  Acor v. Salt Lake City Sch. Dist., 247 P.3d 404, 410 (Utah 2011) (interpreting Utah Code Ann. § 52-6-201(1)).

Regardless of whether Mr. Peterson was acting within the scope of his employment when he referred to the phone conversation in open court, at a more general level he was certainly acting under color of authority as a guardian ad litem.  As a result, Ms. Dahl was required to comply with the notice of claim provision of the GIAU.  Her failure to do so bars her state law claim against Mr. Peterson.

## ORDER

For the foregoing reasons, Defendant's Motion to Dismiss (Dkt. No. 7) is DENIED WITHOUT PREJUDICE IN PART and GRANTED IN PART. Defendant's Motion to Reconsider (Dkt. No. 28) is DENIED.

SO ORDERED this 23rd day of February, 2012.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge