IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KIM DAHL,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CHARLES F. DAHL, M.D., P.C. DEFINED BENEFIT PENSION TRUST, CHARLES F. DAHL, ROSEMOND V. BLAKELOCK, and KELLY PETERSON,<br><br>　　　　　　　　　Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:11-cv-00949<br><br>United States District Court<br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

This matter is before Magistrate Judge Dustin Pead pursuant to a 28 U.S.C. §636(b)(1)(A) referral from District Court Judge Robert Shelby (doc. 181). The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and concludes that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

Currently pending is Plaintiff Kim Dahl's ("Ms. Dahl") request for sanctions against Defendants Charles Dahl ("Mr. Dahl") and Rosemond Blakelock ("Ms. Blakelock") (collectively, "Defendants") (doc. 208).

I. BACKGROUND

On March 21, 2014, Ms. Dahl served Defendants with her First Requests for Production, seeking recordings of telephone conversations between herself and her children along with information related to each Defendant's financial status. *See* "Amended First Requests For

Production To Defendant Charles F. Dahl" (doc. 208, p.12); "First Requests For Production To Defendant Rosemond V. Blakelock" (doc. 208, p. 19).[1]

In response, Defendants filed three separate motions for protective orders — one individually filed by Ms. Blakelock, one individually filed by Mr. Dahl and one filed collectively by Defendants (doc. 174, 176, 178) — along with two "Objections to the Scope of Discovery" (doc. 179, 180). Ms. Blakelock's individual motion for a protective order sought to delay her deposition until after resolution of her pending motion for summary judgment (doc. 174). Mr. Dahl's individual motion for a protective order requested a stay until the parties were able to agree on a mutually acceptable date to conduct his deposition (doc. 176). Defendants' joint motion challenged the scope of discovery, arguing that Ms. Dahl should be prohibited from obtaining any information related to the Defendants' finances (doc. 178). Although not formal motions, Defendants also filed "Objections to the Scope of Discovery" asserting that, consistent with the Tenth Circuit's February 20, 2014, Ruling, any discovery related to Mr. Dahl's alleged monitoring of telephone calls should be limited to recordings occurring after November 3, 2009 (doc. 179, 180). On May 6, 2014, Ms. Dahl voluntarily withdrew her discovery requests related

---

[1] Ms. Dahl's Requests For Production ask Defendants to:
1. Produce all recordings in your possession of telephone calls during which Kim Dahl was a party to the telephone conversation from 2006 to the present.
2. Produce all documents in your possession related to telephone calls during which Kim Dahl was a party to the telephone conversation from 2006 to the present.
3. Produce your tax returns, both state and federal, from 2009 to the present.
4. Produce documents relating to the total value of any entity or business in which you have an interest and how much of the entity or business belongs to you.
5. Produce documents relating to the value of your real and personal property.
6. Produce documents from August 2011 to the present relating to all financial accounts belonging to you, including bank accounts, credit union accounts, savings accounts, checking accounts, 401(k) accounts, IRA accounts, money market accounts, investment accounts, certificates of deposit, bonds, stocks, and any other financial account in which you have an interest (doc. 208, pgs.15-16, 22-23).

to the finances of Ms. Blakelock (doc. 183).  Ms. Dahl did not, however, withdraw her financial discovery requests with respect to Mr. Dahl.

On May 20, 2014, the court denied all three of Defendants' motions for protective orders (doc. 200).  Thereafter, the parties noticed the depositions of Mr. Dahl, Ms. Blakelock and Ms. Dahl for several dates at the end of July, 2014 (doc. 205, 206, 207).

On July 7, 2014, Ms. Dahl filed a motion to compel and request for sanctions asserting that she had not received any responses to discovery and was therefore unable to prepare for the upcoming depositions (doc. 208).  Several days later, Ms. Dahl filed a notice of continuance of Defendants' depositions based upon a failure to receive discovery necessary for deposition questioning (doc. 209).  Defendants failed to file an objection to the motion to compel and, on July 30, 2014, Ms. Dahl filed a request to submit her motion for decision (doc. 210).

Thereafter, on August 4, 2014, Defendants filed an "Objection To Request To Submit For Decision" asserting that Ms. Dahl's request to submit was premature since counsel had informally agreed to provide Defendants with additional time to respond to the discovery requests (doc. 211).  Ms. Dahl countered that while she agreed to give Defendants an extension of an extra "week or so", any additional time allowed had expired (doc. 217, doc. 217-1).

On August 8, 2014, the court issued an Order granting Ms. Dahl's motion to compel and requiring Defendants to file their discovery responses by August 13, 2014 (doc. 214).  The court also requested expedited briefing from the parties on the remaining issue of sanctions related solely to the court's granting of the motion to compel.  <u>Id</u>.

On August 13, 2014, Defendants simultaneously filed a notice of compliance with discovery (doc. 216) and an opposition to Defendants' request for sanctions (doc. 215).  In their

opposition, Defendants offer several explanations for their untimely discovery responses and contend that the issuance of any sanctions against them is inappropriate and sanctions should instead be imposed against Ms. Dahl.[2]

## II. ANALYSIS

The federal rules require a party to respond to requests for production within thirty (30) days of receipt of the request. *See* Fed. R. Civ. P. 34(2)(A)("[t]he party to whom the request is directed must respond in writing within 30 days after being served"). Here, in violation of the rule, Defendants waited over one hundred fifty days after they were served with discovery requests, over eighty days from the court's denial of Defendants' motions for protective order and after issuance of a court order granting Ms. Dahl's motion to compel before filing their discovery responses (doc. 216).[3]

Rule 37 of the Federal Rule of Civil Procedure governs sanction awards for failure to cooperate in discovery. It provides in relevant part:

> If [a motion to compel] is granted [,]. . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i)     the movant filed the motion before attempting in

---

[2] Other than the claim that Ms. Dahl has "submitted the same request [sic] for [p]roduction twice" Defendants offer no further support for their request for sanctions against Ms. Dahl (doc. 215, p.12).

[3] Relevant dates for this calculation are: March 21, 2014, when Defendants were served with Plaintiff's discovery requests; May 20, 2014, when the Court denied Defendants' motions for protective order; and August 13, 2014, when Defendants filed their notice of compliance with the court.

4

>   good faith to obtain the disclosure or discovery without
>   court action;
>
> (ii) the opposing party's nondisclosure, response or objection was
>   substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37 (a)(5)(A)(i)-(iii).

Defendants offer four main explanations as "substantial justification" for their late production of documents: (1) an informal agreement entered into between counsel under which Defendants were given an extension of time to respond to the discovery requests; (2) the assertion that because Defendants previously responded to the same discovery requests in 2012, there is no need for them to respond again; (3) the claim that Ms. Dahl is already in possession of Mr. Dahl's financial information which she obtained as part of the parties' state court divorce proceedings; and (4) the claim that Mr. Dahl does not have in his possession any recordings of telephone conversations occurring after November 3, 2009 (doc. 215). The court addresses each argument in turn.

### 1. Informal Agreement Between Counsel

First, Defendants' assert that the parties entered into an informal agreement to extend the discovery deadlines. Defendants claim that Ms. Dahl's attorney violated the agreement when he failed to "keep his promise to provide notice [to Defendants] before filing the Request to Submit." (doc. 215, ¶24). Although Defendants place great weight on the parties' informal agreement, the court does not. A review of the parties' email correspondence (doc. 211, pgs. 6-10), reveals an informal agreement that was never memorialized with the court and is so lacking in specificity that it is difficult to understand the exact terms thereof. It is ultimately within the

purview of this court, and not the parties themselves, to make decisions regarding the extension of deadlines in contravention of the federal rules.  *See,* Nkemakolam v St. John's Military School, 2013 U.S. Dist. LEXIS 144392, *5 (D. Kan. Oct. 7, 2013) ; 12-2132 (Magistrate Gale) ("[t]he Court also has an interest in the timely filing of motions and will be the arbiter of whether deadlines will be suspended or extended ")).

### 2. Duplicative Discovery Requests

Next, Defendants claim that because they previously responded to the same discovery requests, as propounded by Ms. Dahl in 2012, they are now absolved from responding to Ms. Dahl's March 21, 2014, discovery requests.  Defendants argument is curious is several regards.  As an initial matter, this is the first time that Defendants have raised the defense of duplicative discovery.  Presumably, if the claim was so significant as to void Defendants' discovery obligations, then Defendants would have raised the issue in conjunction with their multiple requests for protective orders or in opposition to Ms. Dahl's motion to compel.  Defendants did neither.  Second, even assuming that Defendants previously provided Ms. Dahl with the discovery, a claim which Ms. Dahl actively disputes,[4] it is unclear why Defendants believe that they are now exempt from the discovery process or why they failed, at any time prior to this point, to inform Ms. Dahl or the court of their belief that the discovery was repetitive.  Further, Defendants' attempt to reach an informal agreement with Plaintiff for an extension of time within which to provide the discovery is inconsistent with Defendants' claim that they need not respond

---

[4]Ms. Dahl contends that despite receiving a "Certificate of Service of Discovery Responses" from Defendants on September 28, 2012, no responses were actually ever received. *See*, Declaration of Tara B. Jones (doc. 217-4).  Ms. Dahl also claims that an October 21, 2009, an electronic recording was transcribed on Ms. Blakelock's behalf but was never supplied to Ms. Dahl.  *See* Reporter's Certificate (doc. 217-9).

to discovery because it was previously provided.

**3. Divorce**

Third, Defendants argue that they do not need to produce discovery related to the finances of Mr. Dahl because that information was part of the parties' state court divorce proceedings (see doc. 214, p.52). This Court, however, is unaware of any exception to the rules of civil procedure that would exempt Mr. Dahl from his discovery obligations based upon an assumption that Ms. Dahl already has all of his financial information "because she was awarded one-half the marital estate in the [state court] divorce proceedings" four years prior (doc. 215, p.7).

**4. Recordings Do Not Exist**

Finally, with respect to discovery related to the recording of Ms. Dahl's conversations, Defendant argues that Mr. Dahl "does not have and never had any recordings after November 3, 2009" (doc. 215). While the court agrees that on remand the Tenth Circuit limited the issue of telephone conversation recordings to those occurring after November 3, 2009, (doc. 170), and that Defendants are entitled to assert that no recordings after that date exist, a claim which Ms. Dahl appears to dispute,[5] Defendants are incorrect in asserting that the absence of any such recordings constitutes substantial justification for their untimeliness or failure to respond.

Thus, while Defendants provide several reasons for their untimely discovery responses, the court does not find that any of the reasons posited present a plausible justification for

---

[5] Although unclear, Defendants' opposition references a compact disc delivered to Defendants by Ms. Dahl, containing "the recordings of conversations that Plaintiff claimed were made after November 3, 2009" (doc. 215, p.7). Defendants also assert that the files on the disc were compromised by a virus and therefore unreadable (doc. 215, p. 50).

untimeliness or for Defendants' decision to raise claims of duplicative and non-existent discovery for the first time at this late stage of the discovery process.

**III. SANCTIONS**

Upon consideration, the court concludes that none of the stated exceptions to Rule 37 apply. First, the court finds that Plaintiff made good faith efforts to obtain the discovery at issue in her motion without court action (doc. 208, p. 26). *See* DUCivR 37-1(a) (the court will not entertain any discovery motion unless counsel for the moving party files "a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorneys on the matters set forth in the motion"). Second, the court concludes that Defendants' position in this discovery dispute is not substantially justified and that the arguments offered by Defendants are untenable. Third, the court does not find any circumstance that would make an award of fees unjust.

Accordingly, the court concludes that Ms. Dahl is entitled to an award of sanctions against Defendants under rule 37(a)(5)(A). Within fourteen (14) days of the date of this order, Ms. Dahl is required to file with the court an affidavit and cost memorandum detailing the reasonable expenses, including attorney fees, incurred in bringing her motion to compel. Any opposition thereto shall be filed fourteen days (14) after the filing date of Ms. Dahl's affidavit and cost memorandum. After receipt of those filings, the court will make a final determination as to the amount of the award of sanctions against the Defendants.

In addition to the sanction of attorney fees and costs, Ms. Dahl generally cites to rule 37(c) in support of her request for more "serious sanctions" including the striking of pleadings, staying of proceedings and entry of default judgment (doc. 217). Rule 37(c) provides for the

imposition of sanctions based upon a party's failure to provide discovery under Rule 26(a) or 26(e), and states in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney fees caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A) (i)-(vi).[6]

After review, the court is unclear as to rule 37(c)'s application to case. Ms. Dahl has neither raised as an issue nor presented argument related to Defendants' initial disclosures or to Defendants' failure to supplement. As a result, Defendants' request for additional sanctions under rule 37(c) is hereby denied.[7] *See* Etoolz, Inc. v. Doctor's Signature Sales & Mktg., 2003

---

[6]Rule 37(b)(2)(A) (i)-(vi) authorizes the sanctions specifically requested by Ms. Dahl including:
  (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
  (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
  (iii) striking pleadings in whole or in part;
  (iv) staying further proceedings until the order is obeyed;
  (v) dismissing the action or proceeding in whole or in part;
  (vi) rendering a default judgment against the disobedient party; or
  (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

[7]In addition, Ms. Dahl cites to Rule 37(e) in support of her claim that the court must require the party failing to act to pay reasonable expenses, including attorney fees, unless the failure was substantially justified or other circumstances make an aware of expenses unjust (doc.

9

U.S. Dist. LEXIS 27591, *3 (D. Utah Nov. 7, 2003); 2:00-cv-00175 (J. Benson) ("Rule 37(c) delineates the remedies or sanctions available for failure to disclose expert reports")); *See* Hammerton Inc. v. Heisterman, 2008 U.S. Dist. LEXIS 24707, *4 (D. Utah March 27, 2008 ); 2:06-cv-806 (J. Stewart) ("Rule 37(c)(1) explicitly applies to a failure to supplement responses to discovery requests")).

Finally, on August 13, 2014, Defendants filed a notice of compliance with the court's order requiring them to produce discovery responses (doc. 216). Nine days later, Ms. Dahl filed a reply memorandum to her request for sanctions in which she included argument that Defendants' productions are inadequate (doc. 217). Under its prior Order (doc. 214), the court limited this briefing solely to the issue of sanctions related to the motion to compel. Consequently, if Ms. Dahl believes that Defendants have failed to adequately respond to her discovery requests, the proper avenue to address those concerns is through the filing of a second motion to compel. *See* DUCivR 37-1(b) ("Motions to compel discovery under Fed. R. Civ. P. 371(a) must be accompanied by a copy of the discovery request, the response to the request to which objection is made, and a succinct statement, separately for each objection, summarizing why the response received was inadequate.").

## IV. ORDER

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion For Sanctions against Defendants is GRANTED, based on the

---

217, p.8). Upon review, Federal Rule of Civil Procedure 37(e), actually prohibits the court from imposing sanctions on a party "for failing to provide electronically stored information lost as a result of the routine, good faith operation of an electronic information system." Fed. R. Civ. P. 37(e).

reasoning set forth herein.

2. The parties are directed to submit the filings referenced above concerning the award or reasonable expenses against Defendants. After receipt of those filings, the court will make a final determination concerning the award of reasonable expenses.

3. The court's decision is limited to the issue of sanctions stemming from Ms. Dahl's motion to compel (doc. 208) as granted by the court on August 8, 2014 (doc. 214).

DATED this 19th day of September, 2014.

_____
Dustin Pead
U.S. Magistrate Judge