IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KIM DAHL,<br><br>       Plaintiff,<br><br>v.<br><br>CHARLES F. DAHL, M.D., P.C.<br>DEFINED BENEFIT PENSION TRUST,<br>CHARLES F. DAHL, ROSEMOND V.<br>BLAKELOCK, and KELLY PETERSON,<br><br>       Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:11-cv-00949<br><br>United States District Court<br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

  This matter is before Magistrate Judge Dustin Pead pursuant to a 28 U.S.C. §636(b)(1)(A) referral from District Court Judge Robert Shelby (doc. 181).

  On August 8, 2014, this court granted Plaintiff's motion to compel (doc. 214). Prior to ruling on the issue of sanctions, the Court requested full briefing on the issue from the parties. *Id.* Thereafter, the court issued a memorandum decision and order, dated September 19, 2014, issuing sanctions against Defendants pursuant to rule 37(a)(5)(A) (doc. 219). *See* Fed. R. Civ. P. 37(a)(5)(A). In addition, the court requested that within fourteen days from the date of the order, Plaintiff file an affidavit and cost memorandum detailing all reasonable expenses, including attorney fees, incurred in bringing her motion to compel. The Court further indicated that any opposition should be filed by Defendants fourteen days after the filing of Plaintiff's affidavit. *Id.*

  On January 22, 2015, Plaintiff filed her currently pending motion for attorney fees (doc.

231) accompanied by the affidavit of attorney David M. Corbett (doc. 231-1).[1]  As of this date, Defendant has failed to respond to Plaintiff's motion for attorney fees, and the deadline for doing so has expired.  *See* DUCivR 7-1(b)(3)(B) (memorandum opposition motion for attorney fees "must be filed within fourteen (14) days after service of the motion or within such time as allowed by the court.").

In order to determine a reasonable attorney fee, the court "must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Case by Case v. Unified Sch. Dist. No. 233,* 157 F.3d 1243, 1249 (10th Cir. 1998) (*quoting Jane L .v. Bangerter,* 61 F.3d 1505, 1509) (10th Cir. 1995)).  It is the fee applicant who "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986) (*quoting Hensley v. Eckerhart,* 461 U.S. 424, 437, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983)).

Here, Mr. Corbett's submission states an hourly rate of $225.00 for a total of 9.8 hours (225.00 x 9.8), totaling $2,205.00.  Upon review, the court finds the hourly rates and time allotted to be reasonable.  Further, Defendant has raised no objection to the reasonableness of Mr. Corbett's rates nor to his time allocation.  Accordingly, the court hereby GRANTS Plaintiff's motion for attorney fees in the amount of $2,205.00.  Defendant shall issue said amount to Plaintiff within a reasonable time, but no later than sixty (60) days from the date of this Order.

---

[1] The court notes that Plaintiff's motion for attorney fees and affidavit in support is filed well outside the fourteen days referenced in the court's memorandum decision (doc. 219).

DATED this 17th day of February, 2015.

_____
Dustin Pead
U.S. Magistrate Judge