**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH—CENTRAL DIVISION**

| | |
|---|---|
| KIM DAHL,<br>Plaintiff, | **ORDER GRANTING IN PART AND**<br>**DENYING IN PART MOTION IN LIMINE** |
| v. | Case No. 2:11-cv-00949-RJS-DBP |
| CHARLES F. DAHL, et al.,<br>Defendants. | Judge Robert J. Shelby<br>Magistrate Judge Dustin B. Pead |

Plaintiff Kim Dahl claims that her ex-husband, Defendant Charles Dahl, M.D., illegally recorded phone conversations she had with their children. In the Fourth and Fifth Causes of Action in her Second Amended Complaint,[1] she alleges his acts of recording violated the Federal Wire and Electronic Communication Interception and Interception of Oral Communications Act[2] and Utah's Interception of Communications Act.[3] Now before the court is Dr. Dahl's Motion in Limine.[4] In it, he asks the court to preclude Ms. Dahl from offering evidence at trial of certain telephone recordings and related damages as a sanction for Ms. Dahl's failure to respond properly to Dr. Dahl's discovery requests designed to facilitate his understanding of the recordings—particularly the time frame when they occurred, which is a critical issue in this case.

For the reasons discussed below, the court GRANTS in part and DENIES in part the Motion. Because Ms. Dahl has responded to Dr. Dahl's discovery, the court will not exclude the evidence at trial at this time. But the court concludes Dr. Dahl is entitled to his reasonable attorney fees and costs incurred in his efforts to obtain the requested information, and invites him

---

[1] Dkt. 82.

[2] 18 U.S.C. § 2510—2522.

[3] Utah Code Ann. § 77-23a-1. *See also* Dkt. 82, Second Amended Complaint, at Fourth and Fifth Causes of Action.

[4] Dkt. 284.

to submit within ten (10) days a filing evidencing such fees and costs. If desired, Ms. Dahl may file a response no longer than five pages within ten (10) days of service of Dr. Dahl's filing.

## BACKGROUND

Ms. Dahl alleges in her Second Amended Complaint that Dr. Dahl illegally recorded at least seventeen telephone calls with her children after a Utah state court judge ended a requirement that visitation with her children be supervised and an order permitting such recording was lifted in the fall of 2009. She claims these calls were recorded in violation of federal and state wiretap laws.

Following earlier motion practice, this court granted summary judgment in Defendants' favor on Ms. Dahl's federal claims, including the wiretap claims, and declined to exercise jurisdiction over the state law claims. Ms. Dahl appealed to the Tenth Circuit Court of Appeals. That court reversed and remanded in part this court's decision on the federal wiretap claims and remanded for further consideration whether the court would exercise jurisdiction over the Utah wiretap claims.[5]

The court of appeals concluded that for any calls recorded until November 3, 2009, summary judgment was appropriate because until that time, Dr. Dahl had an objectively reasonable belief that recording was permitted pursuant to the state court judge's order.[6] But during the state court divorce trial, the state court judge on November 3, 2009 "indicated the [recording] should not be continued . . . ."[7] Thus, the Tenth Circuit held that for any calls after November 3, 2009, summary judgment at that time was inappropriate, because Ms. Dahl had

---

[5] *Dahl v. Charles F. Dahl, M.D., Defined Ben. Pension Trust*, 744 F.3d 623, 633 (10th Cir. 2014).

[6] *Id.* at 632.

[7] *Id.* at 627.

submitted in conjunction with summary judgment briefing "sufficient evidence . . . to raise a genuine issue regarding whether such monitoring occurred."[8]

The evidence the Tenth Circuit referenced was Ms. Dahl's sworn affidavit submitted to this court in conjunction with the prior summary judgment briefing.[9] Ms. Dahl testified therein that on about December 27, 2009 she learned that Dr. Dahl had continued to record her telephone conversations, and that she "obtained fifteen digital recordings" of which she alleged "[a]t least two of the telephone conversations were wiretapped in December 2009…."[10]

Dr. Dahl contends that this affidavit generally does not "make clear the foundation upon which [Ms. Dahl] rested in testifying that 15 recordings were made after November 3, 2009,"— except for one "reference to a Christmas concert in the upcoming week in one of the recorded conversations."[11] Thus, he argued at the time he filed his Motion that he could not ascertain what recordings were made after November 3, 2009, or how Ms. Dahl formed a belief that recordings were made after that date.[12]

Ms. Dahl's attorney is in physical possession of the actual device used to make the recordings at issue. Years ago, Dr. Dahl's prior counsel visited the office of Ms. Dahl's counsel to download the actual recordings from the device, but was prevented from doing so.

But, in late January 2015, Dr. Dahl obtained through discovery from Ms. Dahl a CD with an estimated several hours' worth of about 70 voice recordings, which vary in length up to about thirty minutes. The CD provides no data on when the recordings were created. After having listened to a few hours of the recordings, counsel for Dr. Dahl could not find the portion of the

[8] *Id.* at 632.

[9] Dkt. 108-13.

[10] *Id.* at ¶¶ 34-35.

[11] Dkt. 284 at 2.

[12] *Id.* at 2-3.

recordings with the Christmas concert discussion, or any other telltale information indicating the specific time frame when a recording was made.

So, Dr. Dahl's counsel raised this issue with Ms. Dahl's counsel before Dr. Dahl's deposition on November 2, 2016. Ms. Dahl's counsel indicated he would supplement those disclosures. After nothing was produced weeks later, Dr. Dahl served on November 22, 2016, a formal request for production, seeking production of:

1. "[A]ny recording in your possession or control that you contend was made of any telephone conversation that occurred on or after November 3, 2009; and

2. "[A]ny and all documents that demonstrate any and all damages Plaintiff has sustained as a result of any recordings she claims were made on or after November 3, 2009. This request shall be construed to include compensatory damages of any type, be they economic or noneconomic in nature." [13]

Counsel for Ms. Dahl indicated that he would respond to the requests. But by March 14, 2017, three months after fact discovery expired on December 9, 2016, Dr. Dahl had received no response. Counsel for the parties emailed each other, and counsel for Ms. Dahl requested an extension to respond. Dr. Dahl's counsel indicated openness to an extension but sought more information on why it might be necessary. He never received a response to that email.

Dr. Dahl's counsel did not file a Motion to Compel the requested documents. Instead, a month after the email exchange, he filed the present Motion in Limine. In response, Ms. Dahl's counsel explains with regard to the recordings that he had been worried about action taken related to the recording device in his possession, for fear of deleting the recordings on it. He also claims that he was "unable to locate a copy of the software needed to pull the recordings off the device without risking the safety of the files," but fortunately, he apparently "recently found a copy of the software on [his] old server," and has now been able to Dr. Dahl the recordings on a

---

[13] Dkt. 284-2.

USB device indicating the date on which they were made.[14]  Concerning his client's damages

claim, he clarifies that she "never pleaded that [she] incurred actual damages as a result of the

relevant recordings," which is the reason she has not produced evidence of actual damages.[15]

Dr. Dahl replies that though Ms. Dahl has now finally responded to his requests, the

refusal to do so until he filed a Motion was not substantially justified and caused him harm.

Thus, he contends, exclusion of the evidence is warranted under Rule 37(c), Rules of Civil

Procedure.

## DISCUSSION

Dr. Dahl contends that Ms. Dahl failed to produce damages information and information

and documents to permit evaluation of the recording dates as required by Rules 26 and 34,

Federal Rules of Civil Procedure, and that as a result the court should exclude the requested

information at trial.  Under Rule 37(c), Federal Rules of Civil Procedure, if a party "fails to

provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that

information or witness to supply evidence . . . at trial, unless the failure was substantially

justified or is harmless."  Rule 37(c)(1)(A) further provides that the court may impose other

sanctions "in addition to or instead of, including the "payment of reasonable expenses, including

attorney's fees, caused by the failure. . . ."

While the determination of whether a Rule 26 violation is justified or harmless is

entrusted to the court's broad discretion, the Tenth Circuit instructs that in exercising its

discretion the court should consider the so-called *Woodworker*'s factors, from the case

*Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*[16]  These are "(1) the prejudice

---

[14] Dkt. 285 at 2-3.

[15] Dkt. 285 at 4.

[16] 170 F.3d 985, 993 (10th Cir. 1999).

or surprise to the party against whom the damages evidence would be offered . . .; (2) [that party's] ability to cure that prejudice; (3) the extent to which the introduction . . . evidence would disrupt the trial; and (4) whether bad faith or willfulness motivated [the non-disclosing party's] discovery failures."[17]

These factors were not fully briefed by the parties. On the basis of the briefing and circumstances of this case, however, the court concludes that they auger in favor of denying the Motion in Limine as it is framed under Rule 37(c). The requested information has been produced, and Dr. Dahl has had time to meet its substance. There appears to be no ongoing prejudice to Dr. Dahl resulting from the tardy disclosures. And the court can make no findings concerning Ms. Dahl's bad faith for the time it took for her to provide the information. Thus, even though the court concludes Dr. Dahl has made a sufficient showing of some level of harm and no substantial justification for the delay in failing to provide the requested information and documents over the course of several months for the reasons set forth in the briefing[18]—the *Woodworker's* factors are not met.

And, the court notes, the Tenth Circuit may further disapprove of any decision excluding a damages claim or evidence of the recording dates under these circumstances, as they would seriously undermine Ms. Dahl's ability to maintain her claims at all. The Tenth Circuit has explained that dismissal is a severe sanction, and that courts should consider less extreme sanctions where possible, even under a Rule 37(c) analysis.[19]

---

[17] *HCG Platinum, LLC v. Preferred Product Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017) (quoting *Woodworker's*, 170 F.3d at 993).

[18] And here the court notes that Ms. Dahl's opposition does not fully explain why she could not have, on a reasonable search, provided the required information concerning the recording dates much earlier.

[19] *HCG Platinum,* 873 F.3d at 1205-06.

But the court finds that Ms. Dahl's tardy disclosures despite repeated efforts from Dr. Dahl were unjustified. Under these circumstances, and avoiding the extreme sanction of exclusion of evidence, the court treats Dr. Dahl's Motion as one to compel disclosure. Under Rule 37(a)(5), where, as here, a party provides documents and information after the filing of a motion becomes necessary, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable attorney's fees." This applies with force here, where Dr. Dahl's counsel appears to have in good faith attempted to obtain the discovery over the course of several months, and Ms. Dahl's nondisclosure was not substantially justified.

Accordingly, the court ORDERS that Dr. Dahl shall within ten (10) days submit a brief accounting for of his reasonable attorney's fees spent pursuing the Motion in Limine, which the court treats as one to compel. Ms. Dahl may file a response within ten (10) days.

## CONCLUSION

For the foregoing reasons, the court concludes at this time it will not grant the specific relief Dr. Dahl requests in his Motion in Limine—exclusion of evidence at trial. But the court concludes that based on the circumstances described in the Motion, he is entitled to the attorney's fees he reasonably incurred in bringing the Motion. Thus, the court GRANTS IN PART AND DENIES IN PART Dr. Dahl's Motion in Limine.[20] The parties shall make their submissions concerning attorney's fees as directed above.

SO ORDERED this 30th day of March, 2018.      BY THE COURT:

_____
JUDGE ROBERT J. SHELBY
United States District Court

---

[20] Dkt. 284.